IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRAL C. MORRIS,**<br><br>Petitioner,<br><br>v.<br><br>**WARDEN ERIC WILLIAMS,**<br><br>Respondent. | Case No. 3:20-CV-572-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Nearly a decade ago, police in Illinois found a loaded, semi-automatic pistol in Darral Morris's vehicle. Morris pleaded guilty in this district to being a felon in possession of a weapon, and, because he had a prior offense for residential burglary and two prior delivery of cocaine offenses under his belt, he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to 15 years in prison. Without that enhancement, Morris would have faced a maximum 10-year term of imprisonment.

Two things have changed since Morris was sentenced as an armed career criminal in 2014. The Illinois offense of residential burglary is no longer a valid predicate offense for purposes of an ACCA sentence enhancement, *United States v. Nebinger*, 987 F.3d 734, 741 (7th Cir. 2021), and the Illinois offense of delivery of cocaine is no longer a valid predicate offense for purposes of an ACCA sentence enhancement, *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). Thus, if he were sentenced today, Morris would face, at most, 10 years in prison.

Morris, an inmate at Federal Correctional Institution Greenville, now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, invoking *Mathis v. United States*, 136 S.Ct. 2243 (2016). (Doc. 1). This is his third habeas action; but, as the saying goes, the third time's the charm. For the following reasons, the Court finds that Morris is entitled to relief under § 2241.

## FACTUAL AND PROCEDURAL HISTORY

In August 2013, police officers drove past a gas station and saw two cars parked at gas pumps. Case No. 3:13-cr-30232-MJR, Doc. 86.[1] Believing a drug transaction was taking place (it was), the officers approached the vehicles. *Id.* A search of one of the vehicles revealed a loaded, 9 mm semi-automatic pistol, which Morris admitted belonged to his wife. *Id.* Morris also admitted that he knew he was not allowed to be around guns because he was a convicted felon. *Id.* Morris was charged with and pleaded guilty to the offense of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), which generally carries a statutory maximum sentence of 10 years. *Id.*; § 924(a)(2).

As alluded to above, however, this was not Morris's first criminal endeavor. Morris had committed one prior felony under Illinois law for a crime of violence—residential burglary—and two prior felony drug offenses under Illinois law related to the delivery of cocaine. *Id.* The residential burglary occurred in 1998 when Morris was 18 years old. *Id.* The first cocaine offense occurred on February 20, 2009, and the second occurred four days later on February 24, 2009. *Id.* As a result, Morris qualified for an

---

[1] Morris's criminal case was handled by now-retired District Judge Michael J. Reagan. The following non-parenthetical citations are to documents in Morris's criminal case unless otherwise noted.

enhanced, 15-year minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").[2]

Morris objected to his Presentence Investigation Report (PSR) on the grounds that the ACCA is vague, and the way it is applied by district courts is arbitrary and capricious. Doc. 61. Specifically, Morris argued that his two prior drug offenses were part of a continuous course of conduct and should be counted as one conviction. *Id.* The court overruled the objection and, on September 25, 2015, sentenced Morris to the statutory minimum term of 180 months' imprisonment. Docs. 92, 100.

Morris appealed, arguing the district court erred in sentencing him under the ACCA because the statute is unconstitutionally vague. Specifically, he argued the ACCA's requirement of three previous convictions for a "violent felony or a serious drug offense, or both, *committed on occasions different from one another*" is vague because the statute does not specify a methodology for determining whether criminal acts are considered separate events. Morris asserted his two serious drug offenses did not occur on two separate occasions for purposes of ACCA predicate convictions.

The Seventh Circuit Court of Appeals disagreed, holding that the statute was not vague as applied to the facts of his case.[3] The Court noted that "the passage of even a

---

[2] "The ACCA is triggered in a prosecution under section 922(g) if the defendant has three previous convictions for either a violent felony or a serious drug offense, he committed those offenses on separate occasions, and each violent felony offense carries a potential sentence of imprisonment exceeding one year." *United States v. Nebinger*, 987 F.3d 734, 739 (7th Cir. 2021).
[3] On March 7, 2022, the Seventh Circuit's opinion on Morris's direct appeal was abrogated by the U.S. Supreme Court. *Wooden v. United States*, 142 S. Ct. 1063 (2022). In *Wooden*, the Supreme Court clarified the language of the ACCA requiring predicate convictions to be "committed on occasions different from one another." *Id.* The Supreme Court held that the word "occasion" is "an episode or event," explaining that "[o]ffenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events." *Id.* at

small amount of time between crimes may be enough to separate them for purposes of the ACCA," and Morris clearly committed two separate crimes when the conduct underlying his two serious drug offenses occurred four days apart. *United States v. Morris*, 821 F.3d 877, 879 (7th Cir. 2016) (quotation omitted).

Morris then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *Morris v. United States*, No. 16-cv-670-JPG.[4] Morris again asserted that his sentence was improperly enhanced under the ACCA—this time arguing the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which found the residual clause of the ACCA to be unconstitutional, qualified him for relief. Morris also continued to advance his argument that his two prior serious drug offenses should have been classified as a single conviction. No. 16-cv-670-JPG, Doc. 1.

Morris's § 2255 motion was filed three days before the before the U.S. Supreme Court decided *Mathis v. United States*, 136 S.Ct. 2243 (2016). After *Mathis* was published, Morris moved to supplement his § 2255 motion and asked the district court to retroactively apply *Mathis* on collateral review to determine whether Illinois's residential burglary definition was broader than the federal generic burglary definition. No. 16-cv-670-JPG, Doc. 9. Morris contended in a comprehensive brief that the Illinois definition was, indeed, broader than the federal definition and could not serve as a proper ACCA predicate conviction. *Id.* at Doc. 11. In an additional supplement, Morris argued his

---

1071. In this case, Morris's drug offenses took place four days apart, making them separate occasions under *Wooden*.

[4] Morris's § 2255 motion also was decided by now-retired District Judge Michael J. Reagan. The case was reassigned to Senior District Judge J. Phil Gilbert in April 2019 while the case was on appeal.

Illinois delivery of cocaine offenses did not qualify as proper ACCA predicates because the Illinois statute punished conduct that was broader than federal law. *Id.* at Doc. 21.

In its order dismissing Morris's § 2255 motion, the district court took note of Morris's supplemental filings and his reference to *Mathis*, and stated that it would consider his arguments on a cumulative basis. The court then held that the arguments made by Morris about his controlled substance offenses were already considered and rejected on direct appeal; thus, they would not be reconsidered.[5]

As to Morris's argument that his residential burglary conviction could not count as a proper ACCA predicate offense, the court first decided that it would not entertain Respondent's argument that Morris waived his right to appeal or file a § 2255 motion as part of his plea agreement. Respondent only raised the appeal waiver in his response to Morris's supplemental filings, meaning the argument was forfeited. Additionally, the court found it was preferable to examine the case on the merits given that the law surrounding ACCA enhancements was in flux.

In reviewing Morris's argument regarding his residential burglary conviction, the court first discussed *Mathis*, which explained that the default way to compare a state statute to the ACCA clauses is the categorical approach—to see if the elements of the state statute are no broader than that of the federal generic offense. *Mathis*, 136 S.Ct. at 2251-

---

[5] This was not accurate. On direct appeal, the Seventh Circuit evaluated whether the two convictions for delivery of cocaine occurred on separate occasions. Morris did not raise, and the Seventh Circuit did not consider, the issue of whether his Illinois controlled substance offenses qualified as proper ACCA predicates or if Illinois state law punished conduct broader than the controlled substance conduct defined by federal law. Thus, although the court said it would consider all of Morris's arguments in his § 2255 motion, it never addressed his claim that his controlled substance offenses were not proper ACCA predicates.

52. After *Mathis*, the Seventh Circuit reviewed the Illinois burglary statute and found that the categorical approach was appropriate because there were not multiple means of committing a single element of the offense. *Dawkins v. United States*, 809 F.3d 953, 954-56 (7th Cir. 2016). While the *Dawkins* court considered only the "breaking and entering" element of the residential burglary statute, the Seventh Circuit subsequently expanded its holding to cover the "building or other structure" element in *Smith v. United States*, 877 F.3d 720, 721-25 (7th Cir. 2017). The *Smith* court considered the version of the Illinois residential burglary statute that was in effect at the time of Morris's residential burglary conviction, finding that it was an appropriate ACCA predicate. *Id.* The holding in *Smith*, which was decided while Morris's § 2255 motion was pending, thus directly foreclosed Morris's challenge to his sentence. His § 2255 motion was denied, and both the district court and the Seventh Circuit denied Morris's application for a certificate of appealability. *See Morris v. United States*, No. 19-1444 (7th Cir. Nov. 1, 2019).

Morris next filed a petition under 28 U.S.C. § 2241 on December 5, 2019, premised on the U.S. Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In *Rehaif*, the U.S. Supreme Court held that to violate 18 U.S.C. § 922(g), a defendant must know at the time he possessed the firearm that he had been convicted of a crime punishable by imprisonment for more than one year. Morris argued his conviction was illegal because the government neither alleged nor proved that he knew he was a convicted felon at the time he possessed a firearm. The court swiftly disposed of Morris's argument; he had admitted to the arresting officers that "he had three prior felony convictions and that he knew he was not permitted to be around guns because he was a

convicted felon." *Id.* Again, his petition was denied. *Morris v. Williams*, No. 19-CV-01329-JPG, 2021 WL 3164267 (S.D. Ill. July 27, 2021).

### THE CURRENT § 2241 PETITION

That brings us to Morris's current petition under § 2241, which he filed on June 16, 2020. (Doc. 1). Morris raised one ground for relief in his initial filing: under *Mathis*, his prior felony convictions for unlawful delivery of controlled substances do not qualify as predicate offenses under the ACCA. After several extensions, Respondent filed a response on January 27, 2021, arguing that Morris is procedurally barred from bringing his claim. (Doc. 11). Instead of filing a reply brief, however, Morris filed a Motion to Supplement his initial petition, which the Court now grants. (Doc. 20). In his supplement, Morris asserts that his prior burglary offense under Illinois law also can no longer serve as a valid predicate offense under the ACCA as a result of *United States v. Nebinger*, 987 F.3d 734, 741 (7th Cir. 2021). In response, Respondent again raises procedural bars to Morris's request for relief. (Doc. 26). Morris filed a reply brief on May 7, 2021. (Doc. 32).

### LEGAL STANDARD

A motion under 28 U.S.C. § 2255 is normally the exclusive method to collaterally attack a federal sentence, but the "saving clause"[6] in § 2255(e) provides a limited exception. *Guenther v. Marske*, 997 F.3d 735, 737 (7th Cir. 2021). The saving clause permits a defendant to seek relief under 28 U.S.C. § 2241 in the district where he or she is confined if "the remedy by motion is inadequate or ineffective to test the legality of his detention."

---

[6] The *Guenther* court explained that the correct term is "saving clause," not "savings clause."

*Id.* (quoting § 2255(e)). The § 2255 remedy is not "inadequate or ineffective" unless some structural impediment prevented its use. *Id.* (citing *Higgs v. Watson*, 984 F.3d 1235, 1239–40 (7th Cir. 2021) ("an avenue for postconviction relief may be 'inadequate' or 'ineffective' when so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.")).

In *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit construed the saving clause to allow for habeas relief under § 2241 if a petitioner establishes: (1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) he could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *Davenport*, 147 F.3d at 611.

## DISCUSSION

Despite the change in law in Morris's favor, Respondent argues Morris is procedurally barred from raising his claims in this § 2241 petition for four reasons:[7] (1) his plea agreement contained an expansive appeal waiver; (2) Morris did not properly preserve his argument that his Illinois drug convictions are valid ACCA predicate offenses; (3) *Mathis* did not create a new rule; and (4) Morris's reliance on *Nebinger* does

---

[7] The Court has combined Respondent's response to both Morris's original petition and his supplement, as the arguments overlap. (Docs. 11, 26).

not satisfy the *Davenport* requirements to proceed under § 2255's saving clause.

I.  **Appeal Waiver**

Respondent first argues that Morris waived his right to collaterally attack his sentence as part of his plea agreement, noting it is well settled that a defendant can waive his right to collateral review as part of a plea agreement. *See, e.g.*, *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009) ("We have consistently rejected arguments that an [express] appeal waiver is invalid because the defendant did not anticipate subsequent legal developments.").

In this case, Morris's plea agreement waived his right to contest any aspect of his conviction and sentence under Title 18 or Title 28, reserving his right to appeal only "the reasonableness of any sentence imposed in excess of the Sentencing Guidelines or any applicable statutory minimum, whichever is greater . . . ." Case No. 13-cr-30232-MJR, Doc. 43. The Seventh Circuit, however, has recognized a "few narrow and rare" grounds for not enforcing a knowing and voluntary waiver of direct appeal or collateral review, including if a district court relied on a "constitutionally impermissible factor" like race or gender; if the sentence exceeded the statutory maximum; or if the proceedings lacked a "minimum of civilized procedure." *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020) (quoting *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016)). Respondent claims Morris has not argued that any of these exceptions apply, thus his waiver must be enforced.

This Court disagrees. Morris's argument that his sentence exceeds the statutory maximum is the crux of this § 2241 petition. Therefore, the Court finds that Morris has

not waived his claim that the ACCA's sentence enhancement was incorrectly applied to him.

The Court, like Morris, acknowledges that some Seventh Circuit case law is unfavorable to this position. In *United States v. Carson*, 855 F.3d 828 (7th Cir. 2017), the defendant was sentenced as an armed career criminal and his plea agreement contained an appeal waiver. *Id.* at 830. Carson argued the waiver should not be enforced, pointing to *United States v. Gibson*, 356 F.3d 761 (7th Cir. 2004), in which the Seventh Circuit vacated a sentence that was imposed in excess of the statutory maximum. In *Gibson*, "the plea agreement mistakenly stated that the maximum statutory sentence that could be imposed was 30 years' imprisonment, when the statutory maximum in fact was five years' imprisonment." *Rockwood v. Entzel*, No. 20-CV-1214-JES, 2020 WL 8614594, at *2 (C.D. Ill. Oct. 19, 2020) (citing *Gibson*, 356 F.3d at 765). Thus, in *Gibson*, "no analysis was necessary to understand that the sentence imposed exceeded the statutory cap." *Carson*, 855 F.3d at 831. With Carson, however, the Seventh Circuit held it was impossible to determine the lawfulness of his sentence without resolving his entire appeal. *Id.* Thus, his argument was rejected as "entirely circular." *Id.* (quoting *United States v. Worthen*, 842 F.3d 552, 555 (7th Cir. 2016) ("the validity of [defendant's] appeal waiver depends on the validity of his conviction. That argument is entirely circular.")).

The Court finds this case distinguishable from *Carson* and *Worthen*. In *Carson*, the issue was whether the defendant's prior Hobbs Act robbery conviction should count as a violent felony under the ACCA—an issue the Seventh Circuit has not yet decided. *See, e.g., United States v. Hatley*, No. 2:20-CR-15-PPS-JEM, 2021 WL 2549332, at *1

(N.D. Ind. June 22, 2021) (finding on a "difficult sentencing issue of first impression" that Hobbs Act robbery is a violent felony under § 924(e)). Similarly, in *Worthen*, decided in 2016, the question was whether the defendant's prior Hobbs Act robbery should be considered a "crime of violence" under § 924(c) in order to enhance his sentence under § 924(j). *Worthen*, 842 F.3d at 555. That question was unresolved until 2017. *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *overruled on other grounds*, 138 S. Ct. 126, 199 L. Ed. 2d 1 (2017).

The Court finds this case is more like *Gibson* because no analysis is needed to determine whether Morris's underlying convictions should count as predicate felonies under the ACCA. That work has already been done in *Ruth* and *Nebinger*. The Court further finds that applying the waiver in this case, where the ACCA was improperly imposed, would be a miscarriage of justice. *See Mitchell v. Warden, FCI-Greenville*, No. 19-CV-0539-RJD, 2019 WL 5893401, at *5 (S.D. Ill. Nov. 12, 2019) (collecting cases and discussing the Seventh Circuit's opinion that improperly or inaccurately labeling someone as an armed career criminal under a mandatory, non-discretionary sentencing scheme such as the ACCA is a fundamental sentencing defect that results in a miscarriage of justice); *see also Chazen*, 938 F.3d at 856 ("We have held that a defendant sentenced in error as an armed career criminal" is a "miscarriage of justice"); *United States v. Litos*, 847 F.3d 906, 910 (7th Cir. 2017) (deciding not to enforce a knowing and voluntary appellate waiver because doing so would result in a miscarriage of justice).

And in any event, Respondent cites none of these cases. In fact, Respondent cites no cases post-2016 and discusses only general Seventh Circuit case law around appellate

waivers. Without a more nuanced argument about whether Morris waived his ability to attack a sentence imposed in excess of the statutory maximum given the changing ACCA landscape, the Court finds that Morris has not waived his right to collaterally attack his sentence.

## II.     § 2255(e) Saving Clause

Having found that Morris has not waived his right to bring this § 2241 petition, the Court moves to the question of whether Morris has met the three saving clause requirements as discussed in *Davenport* to attack his sentence in a § 2241 proceeding. Respondent concedes that *Mathis* is a statutory interpretation case and, therefore, could not be invoked in a second or successive § 2255 motion. Thus, the first element is satisfied. Respondent also claims Morris cannot succeed on the third element, the "miscarriage of justice" requirement, but he provides no discussion whatsoever on that issue. Accordingly, the Court finds the third element is satisfied. Thus, the only remaining issue for this Court to decide is whether Morris has met the second *Davenport* requirement.

"*Davenport*'s second condition has two components: retroactivity and prior unavailability of the challenge." *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). To determine whether a claim was previously unavailable, a petitioner must show that it "would have been futile" to previously raise the argument because the law of the circuit of conviction "was squarely against him." *Beason*, 926 F.3d at 936; *see also Chazen*, 938 F.3d at 862-63.

### A.     Serious Drug Offenses

Respondent argues Morris has failed to meet the second *Davenport* requirement

with regard to his serious drug offenses argument because he could and should have raised *Mathis* in his § 2255 motion and his first § 2241 petition.[8] Respondent argues that nothing prevented Morris from making such arguments at that time. The Court agrees, because Morris *did* raise *Mathis* and the categorical approach in his first § 2255 motion through his supplemental filings. Respondent did not object to those supplemental filings in his first § 2255 motion, and the court stated that it would consider all of Morris's filings in a cumulative fashion in order to address the substance of his claims. Specifically, the court said that *Mathis*—although published three days after Morris filed his § 2255 motion—"wound its way" into the proceedings.

In his § 2255 motion, Morris argued that, under *Mathis*, his Illinois controlled substance offenses did not qualify as proper ACCA predicates because they punished conduct dissimilar to the controlled substance conduct defined by federal law. Case No. 16-cv-670-JPG, Doc. 21 at p. 2. But the court disposed of Morris's claim regarding his two controlled substance predicates without *any* analysis of whether they were a categorical match to the federal generic offense. Instead, the court stated it would not consider Morris's arguments about his controlled substance offenses because they had been raised and decided on direct appeal. That was incorrect; Morris did not raise, and the Seventh Circuit did not address, that issue on appeal. It only decided whether the offenses occurred on two separate occasions in order to qualify as ACCA predicates. *See Morris*, 821 F.3d at 879. Morris requested a certificate of appealability from both the

---

[8] Respondent does not argue that Morris should have raised this issue on direct appeal; therefore, the argument is forfeited.

district court and the Court of Appeals and was denied both times. Morris raised *Mathis* with regard to his serious drug offenses, but his argument was essentially ignored and summarily denied. Accordingly, the Court finds that the § 2255 remedy was inadequate and ineffective.

Respondent also urges the Court to adopt a finding that Morris's argument does not rely on *Mathis* at all and, even if it did, *Mathis* is not a "new, retroactive rule." Instead, he argues, *Mathis* clarified the circumstances under the Armed Career Criminal Act in which a sentencing court may apply the modified categorical approach.

Respondent's argument is foreclosed by *Chazen*, in which the Seventh Circuit held that *Mathis* is a new, retroactive rule. *Chazen*, 938 F.3d at 862 ("While our caselaw is not a model of clarity with respect to whether a petitioner must rely on a 'new rule,' the thrust of our precedent has focused on whether an intervening case of statutory interpretation opens the door to a previously foreclosed claim. *Mathis* fits the bill."). The Court is unpersuaded by Respondent's arguments to the contrary.

Finally, although "§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence," the § 2241 petition filed by Morris in 2019 was premised on *Rehaif*. Had he attempted to again raise the *Mathis* issue in his § 2241 petition filed in 2019, the argument would have been futile, for Seventh Circuit law was squarely against him at that time. *Beason*, 926 F.3d at 936; *see also Chazen*, 938 F.3d at 862-63. Until *Ruth* was decided in 2020, a conviction under 720 ILL. COMP. STAT. 570/401(c)(2) was a valid predicate "felony drug offense" that triggered 21 U.S.C. § 841(b)(1)(C)'s sentencing enhancement. *See Ruth*, 966 F.3d at 650. The undersigned recognizes Seventh

Circuit precedent holding that, prior to *Ruth*, a challenge to a cocaine delivery predicate offense was neither novel nor foreclosed and that "[t]he enterprising defendant in *Ruth* only recently seized upon it." *White v. United States*, 8 F.4th 547, 557 (7th Cir. 2021). In other words, petitioners cannot rely on *Ruth* to correct their own failure to raise the issue of whether an Illinois cocaine offense qualifies as an ACCA predicate. But in this case, Morris tried to raise the issue. He was just never given a fair shake.

In sum, Morris tried to raise *Mathis* in 2016 but his argument was not considered, meaning the § 2255 remedy was inadequate and ineffective. Furthermore, Circuit precedent was squarely against him prior to 2020. Thus, the Court finds that the second prong of the saving clause is satisfied with regard to Morris's serious drug offenses.

**B.     Residential Burglary**

As for Morris's argument that his burglary conviction can no longer serve as a valid ACCA predicate offense, Respondent does not argue procedural waiver. Instead, he contends that although Morris couches his petition as relying on *Mathis*, it actually is dependent upon *Nebinger*—and reliance upon circuit-level authority alone is insufficient to satisfy § 2255(e).

Again, this Court disagrees. As argued by Morris in reply, he is relying on *Nebinger* through the lens of *Mathis*. Without *Mathis*, the decision in *Nebinger* would not have come about. Even if Morris were relying solely on *Nebinger*, in *Beason*, the Seventh Circuit noted that there was some support for a circuit court statutory interpretation case to satisfy the saving clause test. *Beason*, 926 F.3d at 935 (citing *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (noting the differing emphases in Seventh Circuit caselaw

interpreting *Davenport* and concluding that "[a]ll of these decisions hold, nevertheless, that there must be some kind of structural problem with section 2255 before section 2241 becomes available"); *Morales v. Bezy*, 499 F.3d 668, 672–73 (7th Cir. 2007) (indicating that circuit precedent could provide a basis for relief under § 2241)).

Accordingly, the Court finds that Morris has satisfied all three prongs of § 2255(e)'s saving clause. The Court now proceeds to the merits of his claims.

## II. Morris's Residential Burglary Offense No Longer Serves as a Valid ACCA Predicate

Morris asserts his 1998 conviction for residential burglary no longer serves as a valid predicate offense under the enumerated clause of the ACCA. 18 U.S.C. § 924(e)(2)(B)(ii) ("[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"). Based on the Seventh Circuit's decision in *Nebinger*, the Court agrees. *United States v. Nebinger*, 987 F.3d 734 (7th Cir. 2021).

In *Nebinger*, the defendant asserted his 2000 conviction for Illinois residential burglary could not be used as an ACCA predicate because the state's definition of "dwelling" was broader than the corresponding federal crime and thus, as a categorical matter, did not qualify as a predicate offense. *Id.* at 738. The Seventh Circuit observed that it had rejected this position in *Smith v. United States*, 877 F.3d 720, 721-25 (7th Cir. 2017). (Recall that the § 2255 court found Morris's argument regarding his residential burglary conviction foreclosed based on *Smith*).

The *Nebinger* court then discussed *Dawkins v. United States*, in which the Seventh Circuit held that the Illinois residential burglary statute's requirement of an unlawful entry is the "practical equivalent" of the "breaking and entering" requirement of the generic burglary offense for ACCA purposes. 720 ILL. COMP. STAT. 5/19-3(a); *Dawkins v. United States*, 809 F.3d 953, 956 (7th Cir. 2016). The *Nebinger* court admitted that in *Dawkins* it failed to consider the question of whether the "limited-authority doctrine applies to the Illinois residential burglary statute" and, therefore, renders the Illinois burglary statute broader than the federal definition of generic burglary. *Id.* "Under that doctrine, authority to enter a building open to the public extends only to the purpose for which the building is open; if someone enters with the intent of committing burglary, the entry will be considered unlawful." *Id.* at 741-42. In other words, if the limited-authority doctrine applies, Illinois residential burglary does not require an unlawful or unauthorized entry, separate and apart from an entry with the intent to commit a crime. Generic burglary under the ACCA, on the other hand, requires (1) "an unlawful or unprivileged entry into [ ] or remaining in," (2) "a building or other structure," (3) "with intent to commit a crime." *United States v. Glispie*, 978 F.3d 502, 503 (7th Cir. 2020). "[T]he entry itself must be unlawful; an intent to later commit a crime or theft, without more, does not meet this requirement." *Id.* Thus, if the limited-authority doctrine applied to Illinois's residential burglary statute, the state offense indeed would be broader than generic burglary and a conviction under the statute could not be used to enhance a sentence under the ACCA.

The Seventh Circuit certified that question to the Illinois Supreme Court, which answered in the affirmative. *United States v. Glispie*, No. 125483, 2020 WL 5668984, at *8

(Ill. Sept. 24, 2020). As a result, the *Glispie* court held that "a conviction for residential burglary by entry under the Illinois statute does not qualify as generic burglary as the Supreme Court of the United States has defined that term." *Glispie*, 978 F.3d at 503. Because Nebinger's appeal was based on the same question at issue in *Glispie*, his sentence was vacated, and his case was remanded to the district court for resentencing.

Respondent has provided no argument in response to the merits of Morris's petition, and the Court agrees that *Nebinger* is dispositive of the issue. Because a conviction for residentiary burglary under Illinois law no longer qualifies as a proper ACCA predicate offense due to its overbreadth, the Court concludes that Morris's *Mathis* claim succeeds on the merits.

### III.     Morris's Serious Drug Offenses No Longer Serve as Valid ACCA Predicates

Morris also argues his serious drug offenses no longer qualify as ACCA predicate offenses under *United States v. Ruth*, 966 F.3d 642, 647 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239, 208 L. Ed. 2d 630 (2021). Again, Respondent does not contest the merits of this argument.

In *Ruth*, the Seventh Circuit held that the Illinois statute defining cocaine is "categorically broader than the federal definition." *Id.* Therefore, a conviction for delivery of cocaine under 720 ILL. COMP. STAT. § 570/401(c)(2) could not serve as a "felony drug offense" to enhance a sentence pursuant to 21 U.S.C. § 841(b)(1)(C). *Id.* While the case did not address the ACCA, both the ACCA and § 841 refer to the Controlled Substances Act for the applicable drug definitions. *See* § 924(e)(2)(A)(i). Thus, the Court finds that, under Illinois law, a conviction for delivery of cocaine is not a felony drug offense within the

meaning of the ACCA, and Morris's claim again succeeds on the merits.

## CONCLUSION

For these reasons, the Court finds that Morris no longer has the required three predicate violent felony or serious drug offenses to support the 15-year mandatory minimum sentence for his felon in possession conviction under 18 U.S.C. § 924(e). Instead, Morris is subject to a 10-year maximum sentence.

Accordingly, Morris's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**, and Morris's 180-month sentence imposed in Case No. 3:13-cr-30232-MJR (Count 1) is **VACATED**. As noted above, the Motion to Supplement (Doc. 20) is **GRANTED**.

The Clerk of Court shall enter judgment in favor of Morris in this action. Morris shall be resentenced in the Southern District of Illinois in accordance with this Order. The Court **DIRECTS** the United States Probation Office to prepare an updated PSR in Case No. 3:13-cr-30232-MJR.

The Clerk of Court shall randomly reassign Case No. 3:13-cr-30232-MJR, file a copy of this Order in that case, and send a copy of this Order to the attention of Kristi Miller in the United States Probation Office.

**IT IS SO ORDERED.**

DATED:   March 23, 2022

                                                                          _____
                                                                          **NANCY J. ROSENSTENGEL**
                                                                          **Chief U.S. District Judge**